Arthur E. CUTLER, Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE
CORPORATION, et al.,
Defendants.

Civ. No. 91–0073–P–C.

United States District Court,
D. Maine.

Jan. 13, 1992.

---

**10**

See also 781 F.Supp. 816.

Arthur E. Cutler, pro se.

Andrew M. Horton, Verrill & Dana, Portland, Me., for defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO STRIKE THE APPEARANCE OF THE MEMBERS OF THE LAW FIRM VERRILL & DANA ON BEHALF OF EACH DEFENDANT

GENE CARTER, Chief Judge.

Plaintiff Arthur E. Cutler filed, on October 1, 1991, this Motion to Strike the Appearance of the Members of the Law Firm Verrill & Dana On Behalf of Each Defendant (hereinafter "Plaintiff's Motion") in response to Defendants' Motion to Dismiss Count V of Second Amended Complaint.[1] Plaintiff asserts in his Motion to Strike that nonwaivable conflicts of interest exist between Defendants Federal Deposit Insurance Corporation (hereinafter "FDIC") and The One Bancorp (hereinafter "Bancorp") in a civil action arising out of an alleged breach of contract.[2] Plaintiff moves for the disqualification of Verrill & Dana from jointly representing Defendants FDIC and Bancorp.[3]

### I. Conflict of Interest

As noted by the First Circuit, "[t]he ethical duties of lawyers in the District Court for the District of Maine are governed by the Maine Code of Professional Responsibility, which is codified as Maine Bar Rule 3." *In re Freedom Solar Center, Inc.*, 776 F.2d 14, 16 (1st Cir.1985). Rule 3.4(c) and (d), the portion of the Maine Code at issue here, provides:

(c) **Multiple Employment Forbidden.** A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will be, or is likely to be, adversely affected by his representation of another client, or if it would be likely to involve him in representing differing interests, except to the extent permitted by subdivision (d) of this rule.

(d) **Multiple Employment Permitted.** A lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of the lawyer's independent professional judgment on behalf of each.[4]

This Rule "prohibits a lawyer from representing multiple clients if that multiple rep-

---

1. The Court has granted Defendants' Motion in a separate Order dated January 10, 1992.

2. Plaintiff originally filed this action in state court on December 14, 1990. It was removed to this Court on March 1, 1991.

3. Plaintiff alleges that:
    [T]here appears to be a significant and insurmountable conflict of interest between Defendant, FDIC, and the remaining Defendants; and it is not in the public interest for a United States District Court to allow the representation by the counsel, of an agency of the United States, while the same counsel represents defendants who have distinct conflicting economic and non-economic interests.
    Plaintiff's Motion at 1.

4. Rule 3.4 is substantially similar to DR 5–105 of the American Bar Association's Model Code of Professional Responsibility.

resentation involves, or is likely to involve, differing interests, absent full disclosure to each client and consent by each client." *In re Freedom Solar Center*, 776 F.2d at 16.

▪ The First Circuit has set forth a *prima facie* case for disqualification, which is established if the moving party demonstrates that "an attorney is representing: (a) multiple clients;[5] (b) with differing interests;[6] and (c) absent full disclosure and consent." *Id.*

## II. *Discussion*

▪ Plaintiff fails to establish a *prima facie* case for disqualification of Defendants' counsel. Although multiple clients are clearly involved here, Plaintiff has failed to show that these clients, FDIC and Bancorp, have differing, *i.e.*, adverse, interests, either real or prospective. There is no evidence in the record of any current or

5. Maine Bar Rule 3.4(d) does not preclude representation of multiple clients. *See also* ABA Model Code of Professional Responsibility, DR 5–105(C).

6. The First Circuit notes that this term is undefined in the Maine Rule but that the Reporter's Notes "make clear that it means not just distinct interests, but adverse interests." *In re Freedom Solar Center, Inc.*, 776 F.2d at 16 (citing Reporter's Notes, Maine Bar Rule 3.4(b)).

In *In re Freedom Solar Center, Inc.*, the court concluded that such adverse interests existed between two defendants, debtor and its sole shareholder, jointly represented by the defendants' counsel:

Freeman's [shareholder] interest was in delaying the turnover of the assets to use his possession of them as a negotiating chip, while the debtor's interest was in cooperating with the trustee to achieve the swiftest resolution possible. Second, Freeman's interest was in purchasing the assets for the lowest possible price, while the debtor's interest was in selling the assets for the highest possible price.

*Id.* at 16.

In addition to these current adverse interests, the court noted that it was proper to include a potential likely conflict in considering disqualification:

It is true that generally the representation of both a debtor and its sole shareholder may not involve adverse interests; but when the sole shareholder desires to purchase estate assets and when the sole shareholder may be the recipient of preferential transfers, adverse interests do result.

*Id.* at 17.

pending litigation between FDIC and Bancorp, or that litigation is anything other than a theoretical possibility at this point.[7] The Court finds that Plaintiff fails to meet the First Circuit test for "differing interests."

The court notes that, even if Plaintiff met the second element of his *prima facie* case, he would likely fail under the third element of showing an absence of full disclosure and consent. Defendants' counsel avers that it discussed its joint representation of Bancorp and FDIC with Defendant Vincent E. Furey, Jr., Chief Executive Officer of Bancorp, and with a staff attorney for FDIC. *See* Affidavit of Andrew M. Horton (hereinafter "Horton Affidavit"), ¶ 3, at 1.[8] Further, Defendants' counsel avers that Defendants have manifested their consent to the joint representation. *Id.*, ¶ 4, at 2.[9]

7. The facts of this case are clearly distinguishable from those in *In re Freedom Solar Center* where the Court concluded the element of "differing interests" was met. *See In re Freedom Solar Center*, 776 F.2d at 17. Specifically, the Court noted the actual adverse interests between two co-defendants and the prospective adverse interests in the form of likely litigation. *See id.*

8. Attorney Horton's Affidavit specifically states in relevant part:

I have had discussions with Vincent E. Furey, Jr., an individual Defendant herein and Chief Executive Officer of The One Bancorp, concerning this firm's joint representation of the Defendants herein. I have also had discussions with a staff attorney for the [FDIC] concerning joint representation of both Defendants. In addition, the staff attorney for FDIC has reviewed the second amended complaint, and the motion to dismiss and supporting memorandum filed by this firm on behalf of The One Bancorp and the individual Defendants. In each case, the discussion with The One Bancorp and Mr. Furey and the FDIC included discussion of potential for conflict of interest resulting from this firm's joint representation of the Defendants herein and the potential effect on this firm's ability to exercise its independent professional judgment.

Horton Affidavit, ¶ 3, at 1–2.

9. Attorney Horton states that:

Such consent from The One Bancorp and the individual Defendants is documented in a retention letter disclosing the joint representation, discussing potential conflicts, and signed by The One Bancorp and Mr. Furey. In the

In sum, the Court finds that Plaintiff has failed to make out a *prima facie* case for disqualification.[10] Accordingly, it is hereby *ORDERED* that said motion be *DENIED*.

case of the FDIC, such consent presently is documented in a confirming letter from me to the FDIC staff attorney, documenting such consent, and documenting the fact that FDIC may revoke such consent prospectively.
Horton Affidavit, ¶ 4, at 2.
He adds that:
[He] is willing to submit copies of the above-mentioned documents to the Court for in-camera inspection if necessary, or redacted versions thereof to the Court and Plaintiff, on the basis that such production will not be deemed to waive any privilege or other basis for preventing discovery.
*Id.* ¶ 5, at 2.
Plaintiff argues that "a staff attorney employed by the FDIC does not have apparent or actual authority to permit the representation of the FDIC by a firm which also represents a party with conflicting interests; and ... such an authorization would require a policy decision by the FDIC." Plaintiff's Reply Memorandum to Defendants' Objection to his Motion to Strike

at 4. In light of the Court's finding that "differing interests" did not exist between FDIC and Bancorp, the Court need not reach this consent-related issue.

10. Plaintiff also asserts that a conflict of interest arises because Defendants argued in the Memorandum of Defendants The One Bancorp, Furey, Roe and Doe in Support of Motion to Dismiss Count V of Second Amended Complaint at 13–16 that the "pattern of racketeering" requirement under the RICO statute is unconstitutional (as applied to the facts of this case). *See* Plaintiff's Memorandum in Support of His Motion to Strike the Motion of Defendants The One Bancorp, Furey, Roe and Doe; and to Dismiss, and to Strike the Appearance of the Firm Verrill & Dana on Behalf of Each Defendant at 3–4. The Court need not address this argument because it did not reach the issue in its Order Granting Defendants' Motion to Dismiss Count V of Plaintiff's Amended Complaint dated January 10, 1992.